```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
UNITED STATES OF AMERICA                                         :
                                                                 :
                -v-                                              :        21-CR-307 (JMF)
                                                                 :
RASHEED BAILEY,                                                  :        MEMORANDUM OPINION
                                                                 :               AND ORDER
                              Defendant.                         :
                                                                 :
-----------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On January 8, 2024, Defendant Rasheed Bailey filed a motion, pursuant to 18 U.S.C. § 3582(c)(2), for a reduction of his sentence by two months and seventeen days pursuant to Amendment 821 to the United States Sentencing Guidelines, which went into effect on November 1, 2023, and applies retroactively. *See* ECF No. 37. Section 3582(c)(2), which governs Defendant's motion, "establishes a two-step inquiry. A court must first determine that a reduction is consistent with Section 1B1.10 . . . ." *Dillon v. United States*, 560 U.S. 817, 826 (2010). If a defendant qualifies, Section 1B1.10 directs a court to consider the § 3553(a) factors, "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." U.S.S.G. § 1B1.10 note 1(B); *see, e.g.*, *United States v. Boyd*, 835 F.3d 791, 792–93 (8th Cir. 2016).

Bailey's motion is a close one, but the Court concludes that it should be denied. First, as the Government notes, *see* ECF No. 39, at 2-3, Bailey only arguably qualifies in the first instance because the Court imposed a hybrid sentence for Bailey's conviction and violations of supervised release in a separate case as a matter of administrative "simplicity." ECF No. 32

("Tr."), at 32-33.  Absent the violation, the Court may well have imposed a sentence below the Guidelines, as amended, in which case Bailey would not have been eligible for a reduction at all. In any case, in light of Bailey's "disturbing pattern of criminality," Tr. 30, several serious disciplinary infractions during his time in prison (including a positive drug test and sanctions for possession of drugs or alcohol), and the fact that early release would interfere with the orderly process of reentry from the halfway house where he is presently detained, the Court concludes that the § 3553(a) factors, "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and the "post-sentencing conduct of the defendant" call for leaving Bailey's sentence undisturbed. U.S.S.G. § 1B1.10 note 1(B).  Accordingly, the motion is DENIED.

The Clerk of Court is directed to terminate ECF No. 37.

SO ORDERED.

Dated: January 18, 2024
       New York, New York

_____
JESSE M. FURMAN
United States District Judge